CHARLES E. GREENE, Respondent, v. DANIEL MEYER
and J. F. BAKER, Appellants.

No. 4879; January 27, 1877.

**Trover—Proof of Right to Possession.**—In an action of trover
the plaintiff must prove himself to be entitled to the immediate pos-
session of the goods alleged to have been converted.

APPEAL from Fourth Judicial District, San Francisco
County.

This was an action of trover. E. E. Morgan's Sons were
San Francisco commission and shipping merchants engaged
in chartering ships and receiving on board vessels controlled
by them wheat and other goods for delivery at European
ports, sales there to be for the account of and at the risk of
the owners of the goods, the latter agreeing with these ship-
ping merchants on the rates to be charged. Baker was master
of the ship "Pride of the Port," whereon the wheat, out of
the shipping of which the case originated, was placed by the
Morgans for transportation under their agreement with the
plaintiff and his assignors to Cork, Ireland. Meyer was a
banker in San Francisco. After their making the shipment
referred to in the decision, the Morgans, being deeply in debt
to Meyer already, increased the indebtedness largely and gave
him the bill of lading as collateral. Meyer knew at the time
what the character of the Morgans' business was and had
every reason to know that the wheat was the property of them
only in a representative capacity, also that they were insol-
vent. The suit was begun immediately after the making of
the loan; the trial court gave judgment against Meyer, but not
against Baker.

Delos Lake for respondent; Howe & Rosenbaum and G. F.
& W. H. Sharp for appellants.

McKINSTRY, J.—At the trial it was admitted: "The
plaintiff and his assignors delivered the wheat described in
the complaint to Morgan's Sons, to be shipped by them to
England for sale. Morgan's Sons placed the same on board

the 'Pride of the Port' for shipment in accordance with said agreement.''

The wheat was shipped by Morgan's Sons, and the bill of lading ran to them.

The defendant Baker was in actual possession of the wheat, with the right to earn the freight thereon. Neither the plaintiff nor his assignors have had the right to the immediate possession of the wheat at any time since the same was shipped. In this class of actions the principle is of universal application that the plaintiff must prove himself to be entitled to the immediate possession of the goods alleged to have been converted.

The court below properly entered judgment in favor of one defendant, but should have rendered a like judgment in favor of the other.

Judgment and order reversed and cause remanded with an order to the court below to enter judgment in favor of the defendant Meyer.

I concur: Niles, J.

I dissent: Rhodes, J.

CROCKETT, J.—I concur. The action is trover against two defendants to recover the value of certain wheat of the plaintiff, alleged to have been converted by the defendants to their own use.

The court below finds that at the commencement of the action ''the defendant Baker was in the lawful possession of said wheat, as master of said ship, for the purpose of transportation to Cork aforesaid, and did not unlawfully convert the said property to his own use, and that said Baker is entitled to judgment in his favor in this action.'' This was an adjudication in this action that at the commencement of the action the plaintiff was not entitled to the possession, and judgment was entered in favor of the defendant, Baker, on this ground. From this judgment the plaintiff has not appealed, and it, therefore, stands as finally adjudged that the plaintiff was not entitled to the possession at the commencement of the action.

But the court finds certain facts from which it concluded, as a matter of law, that the other defendant, Meyer, had con-

verted the wheat, and entered a judgment against him for its value, and from this judgment Meyer appeals.

In this class of action the rule is of universal application that the plaintiff cannot recover unless, at the commencement of the action, he was entitled to the immediate possession of the property: Bouvier's Institutes, secs. 3519, 3520, 3524, and authorities there cited.

In this action, it having been adjudged that the plaintiff was not entitled to the immediate possession, and this adjudication not having been appealed from, and remaining still in force, the plaintiff is concluded by it, and it results that the plaintiff was not entitled to recover, in this form of action, against the defendant, Meyer.